OPINION OF THE COURT
Thomas J. Murphy, J.
By notice of motion dated January 13, 1982, plaintiff seeks an order from this court declaring that the workers’ compensation lien of the State Insurance Fund carrier against the settlement paid to plaintiff be deemed null and void and further authorizing plaintiff’s attorneys to release to plaintiff the settlement sums less attorney’s fees and disbursements.
For the reasons stated in this decision the court denies plaintiff’s motion as modified.
It appears that plaintiff sustained injuries as a result of an automobile accident on or about the eighth day of December, 1978, while plaintiff was duly employed by Kupiec Building Movers. A workers’ compensation claim was filed by Mr. Kupiec and he brought an action against the defendants for personal injury. Plaintiff, through his attorney, negotiated settlement of this cause of action against defendant with defendants’ auto liability insurer. Settlement was in the sum of $6,000.
*717 Kupiec Building Movers, which insured its liability to its employees under the Workers’ Compensation Law with a workers’ compensation policy issued to it by State Insurance Fund, reported the accident to the State Insurance Fund. It is claimed that the State Insurance Fund expended a total of $5,919.44 in workers’ compensation benefits to Kupiec, and also paid $570.87 for medical treatment rendered to him.
Plaintiff relies upon the case of Vinson v Berkowitz (106 Misc 2d 60) for the proposition that the workers’ compensation carrier no longer has a lien on the proceeds of the recovery in an action arising out of an automobile accident. The court has considered that decision but declines to adopt its reasoning in this case.
It was true that the State Insurance Fund would have, under prior law, a lien on the proceeds of plaintiff’s third-party recovery, after deduction of the reasonable and necessary expenditures, including attorney’s fees incurred in effecting such recovery, “to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund” (former Workers’ Compensation Law, § 29, subd 1).
Chapter 572 of the Laws of 1978 added subdivision 1-a to section 29 of the Workers’ Compensation Law, and provided that “[t]he State Insurance Fund * * * shall not have a lien on the proceeds of any recovery received pursuant to subdivision one of section six hundred seventy-three of the insurance law, whether by judgment, settlement or otherwise for compensation and/or medical benefits paid which were in lieu of first-party benefits which another insurer would have otherwise been obligated to pay under article eighteen of the insurance law.” First-party benefits are defined as payments for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle (Insurance Law, § 671, subd 1). Basic economic loss is defined as payments for medical expenses and/or loss of earnings from work for not more than three years from the date of accident up to $50,000 per person. (Insurance Law, § 671, subd 2.)
*718 The State Insurance Fund is not entitled to a lien in the subject case for payments it made to plaintiff for medical expense and loss of earnings, but it is entitled to a lien to the extent of payments made which do not fall into one of the above categories.
The workers’ compensation board awarded plaintiff compensation benefits totaling $5,919.44. According to the State Insurance Fund, the total represented the following amounts: (1) $1,235.44 for a “temporary total disability” (Workers’ Compensation Law, § 15, subd 2) for loss of earnings from December 11, 1978 to February 5, 1979; (2) $4,284 for a “permanent partial disability” for a schedule loss award for the 20% loss of the use of plaintiff’s left hand (Workers’ Compensation Law, § 15, subd 3); and (3) $400 for a “permanent facial disfigurement” award (Workers’ Compensation Law, § 15, subd 3, par t).
Since payments totaling $4,684 were not paid “in lieu of first-party benefits”, the State Insurance Fund is entitled to assert a lien against plaintiff’s recovery to this extent. It shall reduce this lien by its apportioned share of the costs, disbursements, and attorney’s fees in this action for a total sum of $3,122.66 in full satisfaction of its lien.
Submit an order in accordance with this decision.