In the Matter of the Claim of GEORGE FELLNER, Respondent, v COUNTRY WIDE INSURANCE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, July 28, 1983

#### APPEARANCES OF COUNSEL

*Raymond C. Green* (*William L. Weinstock, Leonard M. Schnitzer* and *James S. Fiedler* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*Morris N. Lissauer* and *Carlin Meyer* of counsel), for Workers' Compensation Board, respondent.

#### OPINION OF THE COURT

CASEY, J.

The State Insurance Fund is entitled to offset claimant's net recovery from the tort-feasor against the future payment of compensation benefits that represent earnings lost more than three years after the date of the accident.

Claimant was injured in a work-related automobile accident on December 8, 1978. As a result of his claim for workers' compensation benefits, claimant was awarded benefits at the total disability rate of $180 per week for the period December 12, 1978 to December 31, 1978 and thereafter at a reduced earnings rate of $60 per week. He was classified as permanently partially disabled. Claimant's third-party action against the tort-feasor who caused the accident was settled with the consent of the State Insurance Fund, the employer's compensation carrier, resulting in a net recovery for claimant of $5,194.40. The carrier sought credit for this amount against future compensation benefits pursuant to subdivision 4 of section 29 of the Workers' Compensation Law. The board ruled that the carrier was not entitled to such credit until it had paid $50,000 in benefits. This appeal ensued.

Pursuant to subdivision 1 of section 29 of the Workers' Compensation Law, where an injured employee elects to pursue his common-law remedies against a third-party tort-feasor for damages arising out of an injury for which workers' compensation benefits have been paid, the compensation carrier has a lien on the proceeds of any recovery by the employee to the extent of the compensation and medical expenses awarded. Enactment in 1973 of the no-fault provisions of the Insurance Law (L 1973, ch 13) "injected an air of uncertainty into an otherwise smoothly operating procedure" (*Matter of Granger v Urda,* 44 NY2d 91, 98). Pursuant to these no-fault provisions, an employee injured in a work-related automobile accident is entitled to receive from his no-fault carrier "first party benefits" (Insurance Law, § 672, subd 1), which are payments to reimburse him for his "basic economic loss", less certain amounts, including amounts recovered or recoverable pursuant to the Workers' Compensation Law (Insurance Law, § 671, subd 2). The no-fault provisions also restrict the injured employee's right to commence a third-party action against the tort-feasor; he may do so only if his damages exceed the no-fault threshold and even then he has "no right of recovery * * * for basic economic loss" (Insurance Law, § 673, subd 1), which includes medical expenses and lost earnings up to $1,000 per month for not more than

three years from the date of the accident (Insurance Law, § 671, subd 1).

The lien created by subdivision 1 of section 29 of the Workers' Compensation Law was left unchanged by the Legislature when it adopted the no-fault provisions, paving the way for a harsh, unintended result. The injured employee is precluded from recovering "basic economic loss" in his third-party tort action. Concurrently, the no-fault carrier is allowed to deduct from its payment on account of the injured employee's "basic economic loss" the amount of workers' compensation benefits awarded to the employee. Consequently, when the compensation carrier's lien attaches in full to the recovery in the third-party action, the injured employee becomes a self-insurer for at least a portion of his "basic economic loss" (*Matter of Granger v Urda,* 44 NY2d 91, 99, *supra*). In upholding the "inviolability" of the compensation carrier's lien (*supra,* at p 96), the Court of Appeals noted that "corrective legislative action is advisable, if not imperative" (*supra,* at p 99).

The Legislature's corrective action is at the heart of the instant controversy. Subdivision 1-a of section 29 of the Workers' Compensation Law, enacted in 1978 (L 1978, ch 572, § 2), provides that, under the circumstances described above, the compensation carrier shall not have a lien "for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under article eighteen of the insurance law". Conceding that it has no lien on claimant's third-party recovery herein, the insurer contends that it is entitled to credit or offset that recovery against future benefits pursuant to subdivision 4 of section 29.*

The insurer theorizes that since the Legislature neither amended subdivision 4 nor added a limiting subdivision identical to subdivision 1-a, the credit or offset authorized

---

* Subdivision 4 of section 29 of the Workers' Compensation Law provides: "If such injured employee, or in case of death, his dependents, proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case".

by subdivision 4 remains unaffected by the Legislature's corrective action. The insurer's contention is predicated on a literal reading of the statute. We find the argument unpersuasive.

*Zappone v Home Ins. Co.* (55 NY2d 131, 137) instructs that the literal wording of a statute and the absence of facial ambiguity are often accorded little weight, particularly where they lead to great inconvenience, inequality, injustice or absurdity; rather, the purpose of the legislation as a whole is controlling. The construction urged by the insurer — that although it has no lien against the recovery for benefits paid, it should be able to credit or offset the recovery against future payments of compensation — is both unjust and unreasonable. Moreover, the purpose of the Legislature's corrective legislation is manifest (sponsor's memorandum, L 1978, ch 572, NY Legis Ann, 1978, p 333). Accordingly, we agree with the conclusion reached by the First Department (*Vinson v Berkowitz,* 83 AD2d 531) that subdivision 1-a of section 29 of the Workers' Compensation Law limits not only the lien created by subdivision 1 of that section, but also the credit or offset provision of subdivision 4 (see, also, *Venner v Grimm,* 90 AD2d 683).

The insurer next contends that the board erred in concluding that no credit or offset may be taken until the insurer has paid claimant $50,000 in benefits. There is merit in this contention. As noted above, the limitation in subdivision 1-a of section 29 of the Workers' Compensation Law refers to "compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay". The definition of "first party benefits" refers to "basic economic loss" (Insurance Law, § 671, subd 2), which means certain medical expenses, lost earnings and other related expenses up to $50,000 per person (Insurance Law, § 671, subd 1). Accordingly, the board concluded that since the no-fault carrier would not be obligated beyond the $50,000 limitation in the definition of "basic economic loss", the limitation in subdivision 1-a of section 29 of the Workers' Compensation Law, which refers to payments in lieu of "first

party benefits", is not applicable after the benefits paid by the compensation carrier reach $50,000.

The board's analysis fails to take into account the further limitations in the definition of "basic economic loss" and, therefore, is flawed. Although "basic economic loss" includes lost earnings, it does not include earnings lost more than three years from the date of the accident (Insurance Law, § 671, subd 1, par [b]). Accordingly, the no-fault insurer would not be obligated to pay as "first party benefits" any amounts representing earnings lost beyond the three-year period and, thus, compensation benefits representing such earnings are not in lieu of "first party benefits" which another insurer is obligated to pay. The limitation in subdivision 1-a of section 29, therefore, is inapplicable under such circumstances. Since the board failed to take this into account, its decision must be reversed and the matter remitted for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, MAIN and WEISS, JJ., concur.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.