MERTYE P. DIETRICK, Respondent, v KEMPER INSURANCE COMPANY (AMERICAN MOTORISTS INSURANCE COMPANY), Appellant.

Fourth Department, February 3, 1989

APPEARANCES OF COUNSEL

*Harris, Beach, Wilcox, Rubin & Levey (Mark Wheeler* of counsel), for appellant.

*Ziff, Weiermiller & Hayden (James Levins, III,* of counsel), for respondent.

## OPINION OF THE COURT

GREEN, J.

In this declaratory judgment action, we hold that a workers' compensation insurance carrier has a valid lien on the settlement proceeds of a third-party action for sums it paid to the plaintiff-claimant for permanent partial disability (including schedule loss awards) and significant facial disfigurement, since such payments do not constitute first-party benefits. The facts are not in dispute and may be stated briefly.

Plaintiff was injured in an automobile accident when her car was struck by a car owned and operated by Frank Cernohorsky. The accident occurred during the course of plaintiff's employment with Southland Corporation. Plaintiff suffered fractures of her ribs, collarbone and feet and a severe laceration of her forehead. Defendant Kemper Insurance Company/ American Motorists Insurance Company, who is Southland's workers' compensation carrier, made the following payments to plaintiff pursuant to a decision of the Workers' Compensation Board after a hearing: medical expenses—$12,647.50; temporary total disability—$3,150.27; permanent partial disability—$11,460.75 (including schedule loss awards for 7.5% loss of use of left arm, 25% loss of use of right leg, 15% loss of use of left foot); serious facial disfigurement—$5,000.

Following the accident, plaintiff sued Mr. Cernohorsky, seeking compensation for her injuries based upon Cernohorsky's negligence. Cernohorsky's insurance carrier (Allstate) agreed to settle the lawsuit for $10,000, the limits of the policy. Defendant initially approved the settlement subject to its lien in the full amount of the settlement, but thereafter withdrew its consent when it learned that plaintiff had retained counsel, which indicated to defendant that there might be additional funds from which plaintiff could recover in excess of the policy limits.

In an exchange of letters between defendant and plaintiff's counsel, defendant claimed a lien of $16,460.75, consisting of the workers' compensation payments it made to plaintiff for

permanent partial disability ($11,460.75) and serious facial disfigurement ($5,000). Plaintiff contested defendant's assertion of a lien, claiming that these payments constituted first-party benefits upon which no lien could exist. Plaintiff's counsel requested that defendant negotiate the check Allstate issued in settlement of the third-party action and made payable to defendant, plaintiff and plaintiff's counsel. Defendant declined the request.

Plaintiff then commenced the instant action seeking a declaratory judgment that defendant had no lien on plaintiff's third-party settlement. Defendant denied the material allegations of the complaint and asserted a counterclaim seeking a declaration that it had a valid lien subject to an apportionment of the reasonable and necessary expenditures including attorneys' fees incurred in effecting the settlement. Plaintiff moved for summary judgment.

Special Term granted plaintiff's motion and declared that defendant did not have a valid lien, reasoning that the payments for permanent partial disability and serious facial disfigurement were payments for lost earnings, not pain and suffering, and therefore were made in lieu of first-party benefits. The court, in a supplemental decision, awarded plaintiff interest ($3,110) on the settlement amount ($10,000) from the date (Sept. 4, 1984) Allstate issued the settlement check. We reverse.

A workers' compensation insurance carrier has a lien on the proceeds of any third-party action (Workers' Compensation Law § 29 [1]). With respect to an action arising out of an automobile accident governed by the State No-Fault Insurance Law, however, the carrier does not have a lien to the extent of the compensation and medical benefits it paid "which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under article fifty-one of the insurance law" (Workers' Compensation Law § 29 [1-a]). "First party benefits" are reimbursement for "basic economic loss" (Insurance Law § 5102 [b]) up to $50,000 per person for all necessary medical expenses and loss of earnings from work (Insurance Law § 5102 [a] [1], [2]). Thus, the issue posed on this appeal is whether workers' compensation payments for serious facial disfigurement and permanent partial disability including schedule loss awards constitute first-party benefits for basic economic loss.

The only State court which has directly addressed the issue

*(Kupiec v Christensen,* 118 Misc 2d 716) held that these payments do not constitute first-party benefits. Schedule loss awards and compensation for serious facial disfigurement are not based upon a claimant's lost earnings, but represent compensation for the loss or damage of a body member. Neither kind of loss necessarily impairs earning power for any fixed period nor has any relation to disability for the period during which the compensation payments are made *(cf., Matter of Marhoffer v Marhoffer,* 220 NY 543, 547-548). Such payments are for periods which may extend far beyond the actual lost time from work caused by the injuries. Thus, these payments are more akin to compensation for a claimant's pain and suffering and are not first-party benefits for basic economic loss (as distinguished from the compensation carrier's payments for medical expenses and temporary total disability which clearly are) *(see, Matter of Fellner v Country Wide Ins.,* 95 AD2d 106, 109-110).

Plaintiff's reliance upon *Fox v Atlantic Mut. Ins. Co.* (132 AD2d 17) is misplaced. There, the automobile insurance carrier sought to reduce amounts payable under its uninsured motorists endorsement by the amount of workers' compensation benefits paid the claimant's employer. Here, however, defendant seeks to enforce its lien under section 29 (1-a) of the Workers' Compensation Law to the extent of payments in excess of first-party benefits. In *Fox,* there was no evidence that the workers' compensation benefits paid exceeded first-party benefits received and the compensation carrier did not raise the issue. In any event, defendant's position here is consistent with the *Fox* rationale, which recognized an insured's right to obtain basic economic loss "without jeopardizing the insured's entitlement to *nonduplicative* recovery for the noneconomic losses sustained in an automobile accident" *(supra,* at 24; emphasis added). Here, disallowance of defendant's lien will result in a double recovery by plaintiff of payments for permanent partial disability and serious facial disfigurement, which do not constitute first-party benefits and are recoverable as noneconomic loss under section 5104 (a) of the Insurance Law.

Accordingly, we grant defendant summary judgment on its counterclaim *(see,* CPLR 3212 [b]), dismiss plaintiff's complaint and declare that defendant has a valid lien to the full extent of the settlement proceeds subject to an apportionment of reasonable and necessary expenditures, including attorneys'

fees incurred in effecting the settlement. In view of our holding, we need not address plaintiff's claim for interest.

DILLON, P. J., DOERR, BOOMER and PINE, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and summary judgment granted.