In the Matter of the Claim of TIMOTHY A. SIMMONS, Appellant, v ST. LAWRENCE COUNTY CDP, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, June 22, 1989

## APPEARANCES OF COUNSEL

*Preston C. Carlisle, P. C.,* for appellant.

*Raymond C. Green (William L. Weinstock* of counsel), for State Insurance Fund, respondent.

## OPINION OF THE COURT

CASEY, J.

In *Matter of Fellner v Country Wide Ins.* (95 AD2d 106), we held that, pursuant to the provisions of Workers' Compensation Law § 29, a workers' compensation insurance carrier is entitled to offset a claimant's net recovery from a third-party tort-feasor against the future payment of compensation benefits that represented earnings lost more than three years after the date of the accident. Our holding in *Fellner* is based upon the remedial legislation contained in Workers' Compensation Law § 29 (1-a), which the Legislature enacted in response to the Court of Appeals holding in *Matter of Granger v Urda* (44 NY2d 91).

Pursuant to Workers' Compensation Law § 29 (1), a claimant is permitted to pursue his common-law remedies against a third-party tort-feasor who is not in the same employ for damages on account of an injury for which workers' compensation benefits were paid, but the compensation carrier has a lien on the proceeds of any recovery by the claimant to the extent of compensation and medical expenses awarded *(Matter of Granger v Urda, supra,* at 96-97). Workers' Compensation Law § 29 (4) provides that the compensation carrier is also entitled to credit or offset the recovery against future benefits. The Legislature's enactment of the no-fault provisions of the Insurance Law (L 1973, ch 13) without amending the lien and offset provisions of Workers' Compensation Law § 29 "pav[ed] the way for a harsh, unintended result" *(Matter of Fellner v Country Wide Ins., supra,* at 108). As we explained in *Fellner:* "The injured employee is precluded from recovering 'basic economic loss' in his third-party tort action. Concurrently, the no-fault carrier is allowed to deduct from its payment on account of the injured employee's 'basic economic loss' the amount of workers' compensation benefits awarded to the employee. Consequently, when the compensation carrier's lien

attaches in full to the recovery in the third-party action, the injured employee becomes a self-insurer for at least a portion of his 'basic economic loss' " *(supra,* at 108). The Court of Appeals in *Granger* recognized this inequity, but held that the "inviolability of the lien given to a work[ers'] compensation carrier against *any recovery* by a compensation claimant in a third-party action" precluded judicial intervention *(Matter of Granger v Urda, supra,* at 96 [emphasis in original]).

The Legislature's corrective action, contained in Workers' Compensation Law § 29 (1-a), provides that, under the circumstances described above, the compensation carrier shall not have a lien "for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under [the no-fault provisions] of the insurance law". In *Fellner* we held that although this corrective legislation was also applicable to the offset provision of Workers' Compensation Law § 29, the limitation did not preclude a compensation carrier from seeking an offset against the future payment of compensation benefits that represent earnings lost more than three years after the date of the accident. We reached this conclusion since earnings lost more than three years after the date of the accident are not a part of "basic economic loss" and, therefore, compensation benefits representing such lost earnings are not in lieu of "first party benefits" which another insurer is obligated to pay *(Matter of Fellner v Country Wide Ins.,* 95 AD2d 106, 110, *supra).*

In the case on appeal, claimant argues that an offset against the future payment of benefits which represent earnings lost more than three years from the date of the accident is not allowed because the judgment embodying his recovery in the third-party action provides that the recovery represents reimbursement to claimant "for his pain and suffering and for his permanent injuries, and * * * no part of the [recovery] shall constitute * * * lost wages incurred by [claimant] more than three years from the date of the accident". Claimant's argument ignores the scope of the lien created by Workers' Compensation Law § 29 (1), which applies to *"any recovery* by a compensation claimant in a third-party action" *(Matter of Granger v Urda,* 44 NY2d 91, 96, *supra* [emphasis in original]). Although the lien may no longer be characterized as "inviolable" in light of the limitation created by Workers' Compensation Law § 29 (1-a), that limitation focuses on the character or nature of the compensation benefits for which the lien is

sought and not on the character or nature of the claimant's recovery in the third-party action. If those benefits were not in lieu of "first-party benefits" which the no-fault insurer would have been obligated to pay, the limitation is inapplicable *(Matter of Fellner v Country Wide Ins., supra)*, and the compensation carrier's lien attaches to "any recovery" (Workers' Compensation Law § 29 [1]; *Matter of Granger v Urda, supra)*. We conclude that the same rationale applies to the offset provisions of Workers' Compensation Law § 29 (4) *(see, Matter of Fellner v Country Wide Ins., supra)*. The decision of the Workers' Compensation Board should, therefore, be affirmed.

MAHONEY, P. J., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Decision affirmed, without costs.