■ ROBERT LAYMAN et al., Respondents, v COUNTY OF ROCKLAND, Appellant.—Kane, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Bergerman, J.), entered November 2, 1988 in Rockland County, which, *inter alia,* granted plaintiffs' motion for summary judgment and declared that defendant's workers' compensation lien against plaintiff Robert Layman was null and void.

In October 1986, plaintiff Robert Layman was injured in an automobile accident which occurred during the course of his employment as a Rockland County Deputy Sheriff and for which he received workers' compensation benefits paid by defendant's carrier. In February 1987, plaintiffs brought a negligence suit against Todd Rankin and Maureen Rankin for their part in the accident. Defendant's representative subsequently filed a workers' compensation lien against any recovery in the Rankin lawsuit for workers' compensation benefits paid to Robert Layman.

Plaintiffs subsequently commenced this action seeking, *inter alia,* a declaratory judgment that defendant was not entitled to assert a lien against any recovery in the Rankin lawsuit as the claims therein arose out of an automobile accident governed by the State's No-Fault Insurance Law (Insurance Law art 51) and plaintiffs were not seeking damages for first-party benefits pursuant thereto. Defendant answered and Supreme Court subsequently granted a motion by plaintiffs for sum-

mary judgment and declared, *inter alia*, that defendant was not entitled to a lien on any recovery by plaintiffs in their suit against the Rankins. This appeal ensued.

Inasmuch as defendant has waived any objections to the procedural propriety of this declaratory judgment action by failure to properly raise them before Supreme Court *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:57, at 61), we turn directly to the merits. Generally, whoever pays a claimant workers' compensation benefits obtains a lien on the proceeds of any third-party action *(see,* Workers' Compensation Law § 29 [1]). That lien is limited in third-party actions arising out of automobile accidents governed by the State's No-Fault Insurance Law. In those instances, whoever pays workers' compensation benefits does *not* obtain a lien for, specifically, "compensation and/or medical benefits paid which were in lieu of first party benefits[*] which another insurer would have otherwise been obligated to pay under [the State No-Fault Insurance Law]" (Workers' Compensation Law § 29 [1-a]; *see, Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.],* 145 AD2d 8, *lv granted* 74 NY2d 616). "[This] limitation focuses on the character or nature of the compensation benefits for which the lien is sought and *not* on the character or nature of the claimant's recovery in the third-party action" *(Matter of Simmons v St. Lawrence County CDP,* 147 AD2d 323, 325-326 [emphasis supplied]). Consequently, if benefits are not paid in lieu of "first-party benefits" which the no-fault insurer would have been obligated to pay, the limitation does not apply and the lien attaches to any recovery from the third party *(see, supra,* at 326). The net result here is that defendant has a lien for benefits paid to Robert Layman which are not in lieu of first-party benefits.

Judgment reversed, on the law, without costs, and it is declared that defendant's lien attaches to any workers' compensation benefits paid to plaintiff Robert Layman which are not in lieu of first-party benefits. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.

(June 19, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

* First-party benefits are reimbursements for basic economic loss pursuant to Insurance Law § 5102.