■ In the Matter of the Claim of ROOSEVELT T. JOHNSON, Appellant, v BUFFALO & ERIE COUNTY PRIVATE INDUSTRY COUNCIL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [596 NYS2d 186] —Weiss, P. J. Appeal from a decision of the Workers' Compensation Board, filed September 18, 1991, which ruled that claimant was precluded from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 29.

In reversing the Workers' Compensation Law Judge (hereinafter WCLJ), the Workers' Compensation Board held that claimant's settlement of his third-party action without consent of the compensation carrier precluded him from receiving further compensation benefits notwithstanding his contention that the settlement was purported to be for pain and suffering. The Board reasoned that a compensation carrier's lien attaches to any recovery other than first-party benefits under

the Insurance Law and distinguished *Matter of Dietrick v Kemper Ins. Co.* (76 NY2d 248), relied upon by claimant. The Court of Appeals in *Dietrick* held that the carrier was not entitled to a lien against the settlement from a third-party action for payment it had made for permanent partial disability and serious facial disfigurement "because these benefits are deemed to be 'in lieu of first party benefits' [the plaintiff] would have otherwise been entitled to receive under the No-Fault Automobile Insurance Law (Workers' Compensation Law § 29 [1-a]; *see,* Insurance Law art 51)" *(supra,* at 250). In this case the Board found that claimant had already received compensation payments for over three years and that the no-fault provisions of the Insurance Law for "basic economic loss" limited recovery for loss of earnings to the first three years after the date of injury. Hence, the compensation benefits could no longer be in lieu of no-fault payments.

Claimant was injured in the course of employment in a motor vehicle accident on September 11, 1986 and was awarded workers' compensation benefits. On November 18, 1987, his lawsuit against the third party was settled for $10,000, the full amount of that defendant's automobile liability insurance policy, without the consent of his employer or the State Insurance Fund, its compensation carrier. In a September 6, 1988 decision, the WCLJ classified claimant as having a permanent partial disability and directed that payment of $82.97 for reduced earnings be continued. The carrier suspended payments on May 1, 1990 because the settlement had been made without its consent. Following a hearing, the WCLJ determined that the settlement was not relevant to compensation payments and ordered the $82.97 weekly payments to continue. The Board's reversal dated September 18, 1991, previously described, has given rise to this appeal.

We reverse. In the *Matter of Dietrick v Kemper Ins. Co.* (76 NY2d 248, *supra),* the Court of Appeals, in an effort to integrate statutes not entirely compatible, interpreted Workers' Compensation Law § 29 (1-a) to include permanent partial disability awards within the definition of "basic economic loss" as defined in Insurance Law § 5102. We fail to find a distinction between the lump-sum permanent partial disability award in *Dietrick* and the continuing permanent partial disability award paid weekly in the instant matter. Both awards, by their nature, extend beyond the three-year period for payment for loss of wages set by Insurance Law § 5102 (a) (2). Accordingly, the Board erroneously concluded that the compensation carrier had a lien on claimant's third-party action

or that the settlement of the action without the carrier's consent barred further payments for permanent partial disability compensation.

Yesawich Jr., Levine, Crew III and Mahoney, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.