■ In the Matter of DARLENE GOLDBERG, Respondent, v STATE INSURANCE FUND, Appellant. [608 NYS2d 712] —Weiss, J. Appeal from that part of an order of the Supreme Court

(Williams, J.), entered May 14, 1993 in Sullivan County, which, in granting petitioner's application pursuant to Workers' Compensation Law § 29, held that respondent was not entitled to any lien upon the proceeds received by petitioner in settlement of her third-party action.

Petitioner settled her third-party action against Rose Ellis on June 28, 1990 for injuries sustained in an automobile accident which occurred on May 22, 1987 while petitioner was in the course of her employment with the Office of Court Administration. At the time of the settlement for $125,000 from which petitioner was to receive $95,000 net, respondent, the workers' compensation insurance carrier for petitioner's employer, had paid $14,891.10 to her in benefits for lost wages and $14,482.81 for her medical expenses. Petitioner commenced this proceeding on March 3, 1992 for an order pursuant to Workers' Compensation Law § 29 approving the settlement nunc pro tunc. Finding the papers insufficient, Supreme Court granted an order directing that petitioner serve a more complete petition and supporting affidavits. Thereafter, the order now at issue was made in the exercise of discretion and granted petitioner the relief sought. Respondent has appealed from only that part of the order which held that it is not entitled to any lien with respect to the settlement proceeds.

Respondent acknowledges that, pursuant to Workers' Compensation Law § 29 (1-a), the bulk of money paid to or on behalf of petitioner was not subject to a lien inasmuch as those payments were in lieu of first-party benefits as defined by Insurance Law § 5102 (b) (i.e., no-fault automobile insurance benefits). However, respondent contends that lost wages paid which exceed the $1,000 per month maximum no-fault benefit are subject to a workers' compensation lien. Here, petitioner's weekly compensation benefit was $285.54. The record suggests that during a nine-month period (May 1988 to Jan. 1989, inclusive) petitioner was paid compensation on an uninterrupted basis and received just over $2,000 in excess of that which would otherwise be payable under no-fault first-party benefits. Respondent seeks to apply its lien to this sum.

In *Dietrick v Kemper Ins. Co.* (76 NY2d 248), the Court of Appeals, in attempting to integrate two not entirely compatible statutes, resolved the resultant ambiguity in favor of the injured party and concluded that permanent partial disability should be deemed included within the definition of first-party benefits *(supra,* at 253; *see also, Matter of Johnson v Buffalo & Erie County Private Indus. Council,* 192 AD2d 763, 764; *but*

*see, Matter of Simmons v St. Lawrence County CDP,* 147 AD2d 323). Here, we find no similar ambiguity. The Insurance Law § 5102 cap on first-party benefits for lost earnings is clear and explicit. A disallowance of respondent's lien would result in a double recovery for petitioner who was paid compensation benefits and, in addition, whose settlement presumably includes economic losses which exceeded the cap of $1,000 per month under no-fault's basic economic loss. Accordingly, we modify Supreme Court's order by reversing so much thereof as held that respondent is not entitled to any lien, and remit the matter to Supreme Court to compute respondent's lien for lost earning benefits to the extent that workers' compensation benefits exceeded $1,000 in any month.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held that respondent is not entitled to any lien on petitioner's settlement proceeds; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.