■ STEPHEN T. MURPHY, Respondent, v HUDSON TRANSIT LINES, INC., et al., Defendants, and TOWN OF CLARKSTOWN et al., Appellants. [637 NYS2d 190] —In an action to recover damages for personal injuries, the Town of Clarkstown and the Public Employer Risk Management Association appeal from so much of an order of the Supreme Court, Orange County (Sherwood, J.), dated September 12, 1994, as, upon reargument, adhered to stated portions of its original determination which, *inter alia*, granted the plaintiff's motion pursuant to Workers' Compensation Law § 29 (5) for a compromise order settling the action nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff settled this action against the defendants for injuries he sustained in an automobile accident which occurred on October 31, 1989, while he was engaged in his employment with the Clarkstown Police Department. After the plaintiff settled the action for $50,000, his employer's workers' compensation benefits administrator, the appellant Public Employer Risk Management Association (hereinafter PERMA), discontinued all benefits to him. The plaintiff then moved pursuant to Workers' Compensation Law § 29 (5) for a compromise order settling the action, nunc pro tunc. After the court granted the motion, PERMA moved for reargument. Upon granting PERMA's motion for reargument, the court adhered to its original determination.

PERMA argues that the plaintiff's application was legally insufficient in that the moving papers did not satisfy the requirements of Workers' Compensation Law § 29 (5). While the plaintiff's initial application had certain technical defects and omissions, his reply papers were in satisfactory compliance with the statutory requirements (*see, e.g., Matter of Goldberg v State Ins. Fund*, 202 AD2d 781). We note that the Work-

ers' Compensation Law should be liberally construed in favor of the employee rather than in an overly legalistic approach (*see, Matter of Spurling v Beach*, 93 AD2d 306, 308-309).

We find, contrary to PERMA's contention, that the court properly approved the amount of the settlement. Insofar as the court adjourned the matter for further submissions, it cannot be said that PERMA was deprived of its right to a proper amount of offset against future payments of compensation not constituting first-party benefits. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.