■ BETTY J. CHAMBERS et al., Individually and as Parents and Guardians of TIMOTHY J. COOKE, an Infant, Respondents, v CITY OF OGDENSBURG et al., Respondents. STATE INSURANCE FUND, Appellant. [658 NYS2d 492] —Mikoll, J. P. Appeal from an order of the Supreme Court (Demarest, J.), entered February 15, 1996 in St. Lawrence County, which held that the State Insurance Fund was not entitled to a full lien upon the proceeds received by plaintiffs in settlement of their third-party action.

The State Insurance Fund (hereinafter the Fund) paid Timothy J. Cooke, a 12-year-old paperboy who was injured when struck by a police car while delivering papers on his bike, $14,000 for permanent facial scars pursuant to Workers' Compensation Law § 15 (3) (t) (1). The issue on this appeal is whether Supreme Court erred in holding, on authority of *Dietrick v Kemper Ins. Co.* (76 NY2d 248), that the Fund did not have a lien on the proceeds of the infant's personal injury action recovery for the facial scars.

We initially reject plaintiffs' contention that the Fund's appeal is untimely. Plaintiffs failed to serve the Fund with a proper notice of entry of judgment. The Fund's time to appeal was thus not limited and is timely (*see, Blank v Schafrann*, 206 AD2d 771, 773).

Given the similarity of facts between the *Dietrick* case (*supra*) and the instant case, it is submitted that Supreme Court was correct in denying the lien on the infant's third-party settlement. The money awarded for no-fault insurance benefits was

intended to compensate the infant for basic economic loss and, thus, was compensation in lieu of first-party benefits and unreachable by a Workers' Compensation Law lien (*see, Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19). Basic economic loss consists of, *inter alia*, all necessary medical expenses and loss of earnings from work (Insurance Law § 5102 [b]). Facial disfigurement implicates a person's earning ability.

As an alternative argument the Fund urges that it should, at the very least, be given a lien against the third-party benefits in the amount of $12,000 which exceeds the statutory no-fault cap of $1,000 per month for lost wages* in that the infant received the amount in two payments, one in December 1992 and one in March 1993. We consider the total payment to be a lump-sum payment distributable over 36 months resulting in payments equal to $389 a month and thus not in excess of the monthly limit (*see*, Insurance Law § 5102 [a] [2]).

Crew III, Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The cap is now $2,000 a month (L 1991, ch 320). This new limit is not applicable to this case.