◼ In the Matter of PAUL KESICK et al., Respondents, v ULSTER COUNTY SELF INSURANCE PLAN, Appellant, et al., Respondents. [665 NYS2d 454] —White, J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered April 16, 1997 in Ulster County, which granted petitioners' application pursuant to Workers' Compensation Law § 29 and held that respondent Ulster County Self Insurance Plan was not entitled to a lien upon proceeds received by petitioners in settlement of their third-party action.

While working as a police officer for the Town of Ulster Police Department in Ulster County, petitioner Paul Kesick was involved in two automobile accidents. The first accident occurred on August 23, 1993 when Kesick's police vehicle was struck by a vehicle driven by Catherine Newell. The second occurred on December 20, 1993 when Kesick's police vehicle was struck by a vehicle driven by John Sleight. Kesick suffered injuries to his left knee as a result of the first accident and these injuries were aggravated by the second accident. He filed workers' compensation claims with respect to both accidents. Although Kesick's workers' compensation cases are still continuing with respect to these claims, he has thus far been awarded benefits only with respect to the December 20, 1993 accident.

Following the accidents, Kesick and his wife commenced a personal injury action against Newell and Sleight. Prior to trial, they settled their case against Newell for $50,000 and against Sleight for $75,000 without the consent of respondent Ulster County Self Insurance Plan (hereinafter the carrier),

the workers' compensation carrier for Kesick's employer. Thereafter, petitioners made an application for a nunc pro tunc order pursuant to Workers' Compensation Law § 29 (5) approving the settlement of their third-party action. Although the carrier did not oppose the application, it requested Supreme Court to, *inter alia*, grant it a net workers' compensation lien in the amount of $5,969.49 against the settlement proceeds. Supreme Court granted petitioners' application but refused to impose a lien. This appeal ensued.

The carrier notes that it has expended a total of $59,706.48 in workers' compensation benefits attributable to Kesick's December 20, 1993 accident. It contends that it is entitled to a workers' compensation lien for all amounts expended in excess of $50,000 out of the $75,000 settlement inasmuch as such amounts do not constitute first-party benefits exempt from a lien pursuant to Workers' Compensation Law § 29 (1-a).* We agree.

Workers' Compensation Law § 29 (1-a) exempts from a workers' compensation lien "the proceeds of any recovery received pursuant to [Insurance Law § 5104 (a)] * * * for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under article fifty-one of the insurance law". First-party benefits are defined by Insurance Law § 5102 (b) as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle". Insurance Law § 5102 (a), however, limits recovery for " 'Basic economic loss' " to $50,000. Given the explicit limitation on first-party benefits contained in the No-Fault Insurance Law (Insurance Law art 51) and the fact that this statute is specifically referenced in Workers' Compensation Law § 29 (1-a), we conclude that the carrier is entitled to a lien against the $75,000 in settlement proceeds received by petitioners commensurate with the payments it made in excess of $50,000. To hold otherwise would result in a double recovery for petitioners, a consequence clearly not intended by the statute (*see, Matter of Goldberg v State Ins. Fund*, 202 AD2d 781, 783; *Matter of Miller v Arrow Carriers Corp.*, 130 AD2d 279, 281-282; *see also, Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 17-19). Since apportionment issues have not been resolved in the pending workers' compensation cases, the amount in dispute, $5,969.49, is directed to be held

* Notably, while the carrier claimed a gross lien of $9,706.48, representing expenditures in excess of $50,000, it agreed to discount the lien to $5,969.49, taking into account its pro rata share of counsel fees and disbursements.

in escrow by petitioners' attorney in the third-party action pending resolution of such issues by the Workers' Compensation Board.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied respondent Ulster County Self Insurance Fund a lien against the proceeds received by petitioners in settlement of their third-party action; lien granted to the extent of $5,969.49 and said amount is directed to be held in escrow by petitioners' attorney in the third-party action; and, as so modified, affirmed.