■ In the Matter of the Claim of MARC FIGELMAN, Respondent, v LLOYD GOLDFARB et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [682 NYS2d 482] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed July 23, 1997, which ruled that the State Insurance Fund is not entitled to offset future payments of workers' compensation benefits against the settlement proceeds of claimant's third-party action.

---

On March 29, 1988, claimant was injured in an automobile accident while working for his employer. He was subsequently found to have a permanent partial disability and was awarded workers' compensation benefits commencing August 5, 1988. The period from March 30, 1988 to August 5, 1988, however, was held in abeyance pending the production of medical records. In the meantime, claimant commenced a third-party action and, on February 6, 1992, the State Insurance Fund (hereinafter the Fund) consented to claimant's settlement of the action for the sum of $225,000 of which claimant received net proceeds of $145,789.88. At the time of the settlement, the Fund had paid $33,897 in compensation benefits and $57,759 in medical benefits for a total of $91,656 and claimed a lien of $41,656 ($91,656 less $50,000 for basic economic loss) for which it agreed to accept $1,797.49. The Fund further agreed to continue medical payments to claimant but reserved the right to offset lost wage payments against claimant's settlement proceeds. The Fund did not specifically reserve its right of offset with respect to future benefits received by claimant for the time period held in abeyance. On May 30, 1996, claimant was awarded $5,520 in benefits for that time period. The Fund requested that the award be modified to reflect its entitlement to an offset pursuant to Workers' Compensation Law § 29 (4) against claimant's third-party settlement. The Workers' Compensation Board ruled that the Fund was not entitled to the offset. This appeal by the employer and the Fund ensued.

We affirm. Workers' Compensation Law § 29 (4) provides that a workers' compensation carrier is entitled to offset future payments of compensation benefits against proceeds received by an injured employee from a third-party action. There is no right of offset, however, against proceeds received under Insurance Law § 5104 (a) for compensation or medical benefits paid which were "in lieu of first party benefits" (Workers' Compensation Law § 29 [1-a]; *see, Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 18; *Matter of Simmons v St. Lawrence County CDP*, 147 AD2d 323, 325). First party benefits are defined as payments made as reimbursement for "basic economic loss" (Insurance Law § 5102 [b]) and include payments of $50,000 (*see,* Insurance Law § 5102 [a]) for items such as loss of earnings from work of $2,000 per month for not more than three years after the accident (*see,* Insurance Law § 5102 [a] [2]). In the case at hand, the award of $5,520 was clearly designed to compensate claimant for earnings lost during the four-month period immediately after the accident. The fact that the award was made more than three years after the accident does not change the nature of the award. Hence, it

constitutes part of claimant's "basic economic loss" and is not subject to the offset provisions of Workers' Compensation Law § 29 (4) (*compare, Matter of Fellner v Country Wide Ins.*, 95 AD2d 106).

We need not address the Fund's claim that the $5,520 is subject to offset because it exceeded the $50,000 threshold for basic economic loss inasmuch as the Fund did not specifically reserve its right to proceed against that award at the time of entering its consent. Therefore, we find no reason to disturb the Board's decision.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.