■ In the Matter of CHARLES BUCK, JR., Respondent, v GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Appellant. [799 NYS2d 289]—

Appeal from an order of the Supreme Court (Teresi, J.), entered September 1, 2004 in Albany County, which, inter alia, granted petitioner's application pursuant to Workers' Compensation Law § 29 (5) for judicial approval, nunc pro tunc, of a personal injury settlement.

During the course of his employment as a service technician at a motor vehicle repair shop, petitioner was injured when he was struck by a vehicle operated by a customer. Petitioner applied for and received $52,915 in workers' compensation benefits from respondent, the employer's workers' compensation carrier, and also received first party benefits under the no-fault provisions of Insurance Law article 51. Thereafter, in a third-party

action for personal injuries against the customer, petitioner negotiated a settlement in the amount of $175,000 and sought respondent's approval pursuant to Workers' Compensation Law § 29 (5). After respondent refused that approval, petitioner commenced this proceeding seeking, among other things, judicial approval of the settlement and an order deeming the workers' compensation benefits paid by respondent to be payments made in lieu of no-fault benefits, thereby limiting respondent's reimbursable lien to the amount paid in excess of $50,000, namely, $2,915. Supreme Court granted the petition and respondent appeals.

We find that Supreme Court did not abuse its discretion in approving petitioner's settlement in the third-party action (*see Singh v Ross*, 12 AD3d 498, 499 [2004]; *Matter of Banks v National Union Ins. Co.*, 304 AD2d 573, 573-574 [2003]). Workers' Compensation Law § 29 (1) provides that a workers' compensation carrier has the right to assert a lien against the proceeds of a claimant's third-party action. However, the carrier may not assert a lien against proceeds received pursuant to Insurance Law § 5104 (a) "for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under [the No-Fault Automobile Insurance Law]" (Workers' Compensation Law § 29 [1-a]; *see Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.]*, 76 NY2d 248, 251 [1990]; *Matter of Figelman v Goldfarb*, 257 AD2d 721, 722 [1999], *lv denied* 94 NY2d 753 [1999]). First party benefits are payments of up to $50,000 intended to reimburse the injured person for his or her "basic economic loss," including lost wages and medical expenses (Insurance Law § 5102 [a], [b]; *see Matter of Figelman v Goldfarb, supra* at 722). Here, the workers' compensation benefits that respondent paid were intended to compensate petitioner for his "basic economic loss" in the form of lost wages and medical expenses and, therefore, Supreme Court properly deemed $50,000 of those benefits to have been paid in lieu of first party no-fault benefits (*see Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.], supra* at 252-253; *Chambers v City of Ogdensburg*, 239 AD2d 850, 850-851 [1997]).

Next, we are unpersuaded by respondent's contention that the Insurance Law precludes petitioner from collecting no-fault benefits which, if true, would permit respondent to assert a lien against the settlement for the full amount of workers' compensation benefits that it paid to petitioner. Insurance Law § 5103 (b) (3) (vi) provides that an insurer may exclude a person from no-fault coverage if that person was injured while he or she was

"repairing, servicing or otherwise maintaining a motor vehicle if such conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises." It is undisputed that petitioner was servicing a vehicle in the course of his employment at the time he was injured. Thus, had petitioner been injured by the vehicle he was servicing, his conduct would not be considered the "use or operation" of that vehicle and he would be precluded from collecting no-fault benefits (*see e.g. Matter of Empire Mut. Ins. Co. [Barone]*, 85 AD2d 201, 201-203 [1982], *revd on other grounds* 57 NY2d 833, 835 [1982]; *Sando v Firemen's Ins. Co. of Newark, N.J.*, 79 AD2d 774, 774 [1980]; *see also* Mem of State Dept of Ins, 1982 McKinney's Session Laws of NY, at 2466). Here, however, petitioner's injuries arose out of another person's use and operation of a vehicle that was not being serviced by petitioner at the time. Accordingly, petitioner is a "[c]overed person" as defined by the Insurance Law and is eligible to collect no-fault benefits (*see* Insurance Law § 5102 [j]; *Matter of Empire Mut. Ins. Co. [Barone]*, 57 NY2d 833, 835 [1982]; *Matter of Farm Family Cas. Ins. Co. [Trapani]*, 301 AD2d 740, 741 [2003]).

Having determined that Insurance Law § 5103 (b) (3) (vi) is not applicable to petitioner, it is not necessary for us to address respondent's contention that the no-fault carrier timely disclaimed coverage based on that exclusion.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.