In the Matter of the Claim of BETH V., Appellant, v NEW YORK STATE OFFICE OF CHILDREN & FAMILY SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [951 NYS2d 762]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 23, 2010, which ruled that the workers' compensation carrier can take credit against claimant's third-party settlement recovery.

While working as a youth division aide at a juvenile detention center, claimant was physically assaulted, raped and kidnapped. Her workers' compensation case was established for physical injury, posttraumatic stress disorder and rape, and she was classified with a permanent partial disability and awarded workers' compensation benefits. She subsequently sued the employer and several co-employees in federal court for, among other things, deprivation of her civil rights, alleging physical and psychological damages. The federal action ultimately settled for $650,000. The workers' compensation carrier then waived any lien for benefits already paid, but reserved its right under Workers' Compensation Law § 29 to take a credit for future benefit payments against claimant's net recovery. Claimant challenged the carrier's right to take a credit, arguing that the offset provisions of section 29 do not apply to her settlement proceeds. A Workers' Compensation Law Judge agreed with claimant, finding that section 29 does not apply to recoveries against the employer and, alternatively, that because claimant's recovery in the federal action was for a violation of her civil and constitutional rights, it is not included within the statute. A panel of the Workers' Compensation Board reversed, and claimant now appeals.

When a claimant obtains recovery in a civil action for the same injuries that were the predicate for workers' compensation benefits, the carrier has a lien against any recovery (*see* Workers' Compensation Law § 29 [1]), even where the action is brought against an employer or a co-employee (*see Matter of Petterson v Daystrom Corp.*, 17 NY2d 32, 38-39 [1966]; *see also Hanford v Plaza Packaging Corp.*, 2 NY3d 348, 351 n 3 [2004]). Here, the settlement stipulation and the testimony of the attorney who represented claimant in the federal action constitute substantial evidence supporting the Board's conclusion that the injuries for which claimant recovered in the settlement were the same injuries for which workers' compensation benefits were awarded. Accordingly, the carrier is entitled to a credit against the settlement recovery (*see Matter of Parmelee v International Paper Co.*, 157 AD2d 878, 878 [1990]; *Matter of Simmons v St. Lawrence County CDP*, 147 AD2d 323, 325-326 [1989]).

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.