# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1392**
**CA 13-01879**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

DORSIE KLEM, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

SPECIAL RESPONSE CORPORATION, DEFENDANT.
----------------------------------------
ZURICH INSURANCE COMPANY, APPELLANT.

---

WHITE FLEISCHNER & FINO, LLP, NEW YORK CITY (JARED T. GREISMAN OF COUNSEL), FOR APPELLANT.

LAW OFFICE OF JACOB P. WELCH, CORNING (ANNA CZARPLES OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered September 4, 2013. The order, insofar as appealed from, directed that the settlement proceeds be distributed to plaintiff and plaintiff's attorney, precluded Zurich Insurance Company from exercising any lien over the settlement proceeds, determined that any liens held by Zurich Insurance Company arising out of the subject accident are null and void and determined that Zurich Insurance Company is not entitled to a future offset.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the second through eighth ordering paragraphs are vacated, and the matter is remitted to Supreme Court, Steuben County, for further proceedings in accordance with the following Memorandum: Plaintiff injured her ankle in the course of her employment with Corning Hospital when she exited a van operated by defendant, Special Response Corporation (Special Response), which transported employees to and from a parking lot. As a result of plaintiff's injuries, appellant Zurich Insurance Company (Zurich), the workers' compensation insurer for plaintiff's employer, paid wage and medical benefits to plaintiff in the amount of $114,028 and claimed a lien in that amount (*see* Workers' Compensation Law § 29 [1]). Plaintiff commenced a personal injury action against Special Response and ultimately sought the approval of Supreme Court for a $70,000 settlement offer in the action. Insofar as relevant to this appeal, plaintiff also sought an order directing that any lien imposed by Zurich against the proceeds of the settlement be declared null and void or, in the alternative, an order determining the amount of such lien (*see id.*). The court determined, inter alia, that Zurich was not entitled to assert a lien against the settlement proceeds. We note at the outset that, contrary to plaintiff's contention, Zurich has

standing to pursue this appeal (*see Alam v Taxi Wheels to Lease, Inc.*, 57 AD3d 457, 458; *Castleberry v Hudson Val. Asphalt Corp*., 70 AD2d 228, 241-242).

Turning to the merits, Zurich contends that it was entitled to assert a lien against the settlement proceeds for amounts paid in workers' compensation benefits, reduced by $50,000 as benefits paid in lieu of first-party benefits (*see* Workers' Compensation Law § 29 [1-a]; *see generally Matter of Buck v Graphic Arts Mut. Ins. Co.*, 19 AD3d 966, 967). We agree with Zurich that the court erred in determining that it is not entitled to a lien against the proceeds of the settlement that plaintiff received as a result of her personal injury action, and we therefore vacate the fifth through eighth ordering paragraphs. Where an individual receiving workers' compensation benefits commences a civil action against a tortfeasor "not in the same employ who caused the injuries giving rise to such benefits . . . , an automatic lien attaches to the proceeds of any recovery, in favor of the [worker's compensation carrier], for any amounts that the [carrier] has paid in compensation benefits, less litigation costs and amounts received in lieu of first[-]party benefits under the no-fault law" (*Miszko v Gress*, 4 AD3d 575, 577, *lv denied* 3 NY3d 606 [internal quotation marks omitted]; *see* § 29 [1-a]).

Here, plaintiff received $114,028 in workers' compensation benefits. Consequently, Zurich was entitled to a lien against the $70,000 settlement proceeds. The amount of such lien is calculated by subtracting from the total amount paid in wage and medical benefits, the $50,000 in payments that Zurich made in lieu of first-party benefits, as well as Zurich's share of an equitable apportionment of "reasonable and necessary expenditures" including attorneys' fees (*see* Workers' Compensation Law § 29 [1], [1-a]; *Matter of Kesick v Ulster County Self Ins. Plan*, 245 AD2d 752, 752-753; *see generally Kelly v State Ins. Fund*, 60 NY2d 131, 139-140). Although the court determined that certain "disbursements" simply listed by plaintiff without supporting documentation or explanation were "reasonable," we conclude that the record is not sufficient for us to review, or to determine ourselves, the amount of Zurich's share of "reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery" (§ 29 [1]). We therefore vacate the second through fourth ordering paragraphs, and we remit the matter to Supreme Court for further proceedings to establish and equitably apportion those "reasonable and necessary" expenditures and arrive at a final valuation of the lien in accordance herewith.

We have reviewed Zurich's remaining contention and note that whether it is entitled to future offsets against the settlement proceeds cannot be determined until the amount of its lien is established (*see* Workers' Compensation Law § 29 [1], [4]).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court