OPINION OF THE COURT
Alexander Chananau, J.
Motion by plaintiffs for an order permitting plaintiffs to *61 settle the above matter for the sum of $25,000 and directing that said settlement shall not affect, impair or reduce the rights of the plaintiff Willie Vinson to receive present and future workmen’s compensation benefits as a result of the accident herein complained of presents an issue of first impression.
The above matter has been brought for personal injuries sustained by the plaintiff and for loss of consortium on behalf of his wife as a result of an automobile accident on December 19,1978. Plaintiff while making a delivery for his employer, Met Pet Supply, Inc., was struck by a motor vehicle owned by the defendant Glen Berkowitz and operated by his wife, defendant Gayle Berkowitz. As a result of this accident, plaintiff Willie Vinson’s right leg was amputated at the knee. It is anticipated that he will never be able to resume his employment as a driver delivery man. A lawsuit was commenced against the defendants and settlement in the sum of $25,000 has been offered by Allstate Insurance Company, although the injuries herein far exceed this amount.
Since the within accident took place while plaintiff was in the course of his employment, he was covered by workmen’s compensation. In 1978, by reason of certain inconsistencies and inequities in the Workers’ Compensation Law and the no-fault provisions of the Insurance Law, the Legislature effective July 1, 1978 amended sections 29 and 227 of the Workers’ Compensation Law and section 674 of the Insurance Law (L 1978, ch 572), to provide that a workmen’s compensation carrier would no longer have a lien on the proceeds of a recovery in an action arising out of an automobile accident. Accordingly, for all automobile accidents after this date, which also involved workmen’s compensation, the workmen’s compensation carrier no longer has a lien but can, under certain conditions obtain reimbursements from the no-fault carrier through mandatory arbitration.
Although Hartford Insurance Company has acknowledged that it does not have a lien, it contends that plaintiff’s share of the proposed recovery, presently determined to be $16,294.54 should be used to reduce future compensation benefits. Hartford claims that the purpose of the suspension *62 is to prevent the plaintiff from reaping an unjust enrichment and double recovery.
It appears that under the rationale advanced by Hartford, the plaintiffs are prejudiced by settling this case at this time since the longer they wait to settle, the more workmen’s compensation benefits they can receive which need not be paid back. The timing of plaintiff’s settlement should not affect the right to receive benefits under the Workers’ Compensation Law. Conversely, the settlements should not be deterred by the prospect of suspension of workmen’s compensation benefits. It would appear that if the workmen’s compensation carrier cannot recover from the plaintiff’s third-party benefits, there is no basis for which they can in effect recover future workmen’s compensation benefits by having an offset from the settlement. Furthermore, subdivision 1-a of section 29 of the Workers’ Compensation Law provides that the “sole remedy” of the compensation carrier is to recover payments through interoffice arbitration.
It is also noted that by virtue of section 673 of the Insurance Law, plaintiff’s within third-party action cannot be brought for basic economic loss as defined by section 671 of the Insurance Law, but can only be brought by virtue of sustaining a serious injury as defined in subdivision 4 of section 671 of the Insurance Law or economic loss greater than basic economic loss as defined in subdivision 1 of section 671 of the Insurance Law. Plaintiff’s economic loss is paid by the no-fault carrier, or where the accident is work-related as herein, by the workers’ compensation carrier. Plaintiff can sue for his injury, including pain and suffering, but not for his special damages such as medical expenses and loss of wages. Plaintiff cannot sue for basic economic loss which has been and is being paid by Hartford, the workers’ compensation carrier, but only for the serious injuries sustained.
It appears that the Legislature did not intend nor do the amendments aforestated permit such an inconsistent and unjust result as urged by Hartford. To permit the suspension urged by Hartford could create the same inequities and inconsistencies which the legislation attempted to eliminate *63 in enacting the afore-mentioned amendments to both Workers’ Compensation Law and Insurance Law.
Plaintiff’s motion is therefore granted.