■ WILLIE VINSON et al., Respondents, v GLEN BERKOWITZ et al., Defendants, and HARTFORD INSURANCE COMPANY, Appellant. — Order, Supreme Court, Bronx County (Chananau, J.), entered on September 17, 1980, permitting plaintiffs-respondents to settle their action against the tort-feasor defendants and directing that the settlement not affect, impair or reduce the rights of the plaintiff Willie Vinson to receive present and future workers' compensation benefits, unanimously modified, on the law, without costs, to direct the suspension of plaintiff's workers' compensation benefits only in the event the aggregate of such benefits reaches $50,000, and then only until the sum of $16,294.54 is exhausted, and otherwise affirmed. On December 19, 1978, while making a delivery for his employer, plaintiff, a pedestrian, was struck by a motor vehicle owned and operated by the defendants Berkowitz, as a result of which he suffered serious injuries, including amputation of his right leg at the knee. Plaintiff is presently disabled from employment. Since the accident took place in the course of his employment, plaintiff received, and continues to receive, workers' compensation benefits from the Hartford Insurance Company. It is anticipated that he will require additional medical treatment and will be entitled to future compensation benefits for such duration as may be determined under the Workers' Compensation Law. Having sustained a "Serious injury" (Insurance Law, § 671, subd 4), plaintiff, a "Covered person" (Insurance Law, § 671, subd 10), commenced the instant lawsuit as authorized by section 673 of the Insurance Law and subdivision 1 of section 29 of the Workers' Compensation Law, to recover damages for his noneconomic loss. Defendants, through their insurance carrier, offered plaintiff the sum of $25,000, the policy limit of their coverage, in settlement, from which, after deducting attorney's fees and expenses, plaintiff would net $16,294.54. Plain-

tiff moved for an order pursuant to section 29 of the Workers' Compensation Law permitting him to settle his claim without effect, impairment or reduction of any right to receive present and future compensation benefits as a result of the accident. While acknowledging that it has no lien, Hartford claims the right to suspend future benefits payable to plaintiff until the amount of $16,294.54 is exhausted. Special Term, holding that Hartford had no right to offset against the proposed settlement, granted plaintiff's motion, from which determination Hartford has appealed. We modify and direct the suspension of plaintiff's workers' compensation benefits in the event and after the aggregate of such benefits reaches $50,000, until the sum of $16,294.54 is exhausted. New York's no-fault automobile insurance law (Insurance Law, art 18, § 671 *et seq.* [L 1973, ch 13, § 1, eff Feb. 1, 1974]), subject to certain exceptions not here relevant, eliminated the right to sue for "basic economic loss", that is, economic loss up to $50,000. In its place was mandated insurance coverage for the payment of first-party benefits, to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle in this State (Insurance Law, § 671, subd 2; § 672, subd 1, par [a]; § 673, subd 1). Under the no-fault law, amounts recovered or recoverable on account of an injury arising out of a motor vehicle accident, under laws providing workers' compensation benefits or disability benefits under article 9 of the Workers' Compensation Law are deducted from the payments which would otherwise reimburse a person for basic economic loss under first-party benefits (Insurance Law, § 671, subd 2, par [b]). Prior to a 1978 amendment (L 1978, ch 572, §§ 2, 4), to section 29 of the Workers' Compensation Law, a workers' compensation carrier, which had made payments for compensation and medical expenses to an employee injured in a work-related automobile accident, could assert the lien given it by subdivision 1 of section 29 against the proceeds of any recovery by the injured party against the tort-feasor in an action brought pursuant to the no-fault automobile insurance law. *(Matter of Granger v Urda,* 44 NY2d 91.) Since, however, the no-fault insurer might deduct from first-party benefits any amounts recovered or recoverable under workers' compensation benefits and the injured employee could sue to recover only medical expenses and lost earnings in excess of $50,000 (the ceiling of "basic economic loss") and for pain and suffering, the lien asserted by the compensation carrier actually came out of the injured employee's pocket. The 1978 amendments to sections 29 and 227 of the Workers' Compensation Law and section 674 of the Insurance Law (L 1978, ch 572, §§ 1-9) were intended, *inter alia,* to "provide that the workmen's compensation carrier shall not have a lien on the proceeds of a recovery in an action arising out of an automobile accident and may not institute an action for such a recovery as assignee of the insured [and] authorize the workmen's compensation carrier to recover benefits paid to a claimant from the auto insurance carrier of a negligent third party under the inter-company loss transfer provisions of § 674 of the Insurance Law" (News Memorandum of State Executive Department, McKinney's 1978 Session Laws of New York, p 1748). Left unimpaired by these amendments, affecting a workers' compensation carrier's lien on the proceeds of an injured employee's recovery against a tort-feasor, is subdivision 4 of section 29 of the Workers' Compensation Law which provides that if an injured employee proceeds against the tort-feasor the compensation carrier "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated" under the Workers' Compensation Law. Subdivision 1-a only eliminated the lien and with it the offset for "compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay" under the no-fault automobile insurance law.

In effect the amendment deprived the compensation carrier of its lien and offset for workers' compensation benefits up to $50,000, which are in lieu of first-party benefits under no fault. But once the ceiling of $50,000, in basic economic loss is reached, the compensation carrier has a right to offset any further benefits due against a recovery from a tort-feasor, especially since that recovery would not include basic economic loss. Concur — Kupferman, J. P., Sullivan, Carro and Silverman, JJ. [106 Misc 2d 60.]