■ CITY OF NEW YORK DEPARTMENT OF FINANCE, Appellant, v BRUCE S. REZNICK, Respondent.—Appeal by the City of New York Department of Finance from a judgment of the Supreme Court, Kings County (Dowd, J.), dated March 21, 1984, which granted Bruce S. Reznick's motion discharging his liability for interest and penalties assessed concerning his late payment of an unincorporated business tax.

Judgment reversed, on the law, with costs, and motion dismissed without prejudice.

Based upon a review of the record and in light of the numerous procedural defects present in this case, we find that the judgment must be reversed on the ground of lack of personal jurisdiction. Mr. Reznick, an attorney, never commenced an action or proceeding against the city by personal service of a complaint or petition. Instead, it appears that he merely served copies of a notice of motion with supporting papers by mail addressed to the City of New York Department of Finance and to the Corporation Counsel. The caption and

original index number he employed are apparently those of an unrelated case. When the Department of Finance failed to appear or submit any responding papers on the scheduled return date, Special Term granted Mr. Reznick's motion without opposition.

After receiving a copy of Mr. Reznick's proposed judgment and notice of entry, the Department of Finance moved to vacate its default. In effect, the Department raised an objection concerning lack of personal jurisdiction *(see generally, Matter of Katz,* 81 AD2d 145, *affd* 55 NY2d 904). Special Term, however, denied the motion and final judgment was entered on behalf of Mr. Reznick. We conclude that personal jurisdiction was never acquired over the City of New York Department of Finance and, accordingly, reverse the judgment. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.