■ MARIE A. SURDAM, Respondent, v MARTHA J. VANCE et al., Defendants. ST. PAUL PROPERTY & LIABILITY INSURANCE COMPANY, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 22, 1989 in Ulster County, which granted plaintiff's motion to declare that St. Paul Property & Liability Insurance Company was not entitled to a lien on settlement proceeds of plaintiff.

On or about July 25, 1984, plaintiff, a resident of Vermont, while operating a motor vehicle in the course of her employment by a Vermont corporation, was involved in an accident in Ulster County with a vehicle owned and operated by New York residents. Following the accident, plaintiff applied in

Vermont and received workers' compensation benefits in the approximate amount of $40,000 under the Vermont Workers' Compensation Act (Vt Stat Annot, tit 21, §§ 601-709) from St. Paul Property & Liability Insurance Company (hereinafter St. Paul), the workers' compensation insurance carrier for plaintiff's employer.

Plaintiff commenced an action in Ulster County against the owner and driver of the other vehicle involved for personal injuries sustained in the accident. On October 20, 1987 that action was settled, prior to trial, for the sum of $85,000. A portion of this money is now being held in escrow pending this appeal and due to the fact that St. Paul has claimed a lien on that portion of the settlement that represented the amount of workers' compensation benefits that St. Paul paid to plaintiff. St. Paul was not a party to and did not appear in plaintiff's negligence action. The involvement of St. Paul stems from its claim of a lien for workers' compensation benefits against the proceeds of the New York action.

Plaintiff alleges that, at the suggestion of Supreme Court at the settlement conference of its negligence action, plaintiff served St. Paul, by certified mail return receipt requested, with a notice of motion and supporting papers in order to resolve the lien issue. After receiving those papers, St. Paul commenced a declaratory judgment action in Vermont, claiming that pursuant to the laws of Vermont it had a valid lien against the proceeds recovered by plaintiff. St. Paul then submitted an affirmation in opposition to plaintiff's motion, contending that plaintiff's motion in regard to the lien issue should be denied because (1) St. Paul was not a party to the negligence action and plaintiff failed to obtain personal jurisdiction over St. Paul by the service of motion papers by mail, (2) the action then pending in Vermont for declaratory relief took precedence since the New York action was fatally defective, and (3) plaintiff had applied for and received workers' compensation benefits in Vermont, thereby subjecting her to the provisions and interpretation of Vermont law.

Supreme Court, in a letter decision, granted plaintiff's motion to annul St. Paul's lien, stating that the jurisdictional objections raised were without merit and that, pursuant to New York law, a workers' compensation carrier does not have a lien on settlement proceeds for any benefits paid in lieu of first-party benefits (see, Vinson v Berkowitz, 83 AD2d 531). St. Paul has appealed the order of Supreme Court entered on this decision.

Contrary to the holding of Supreme Court, we find St. Paul's

objections to Supreme Court's jurisdiction over St. Paul to be not only meritorious but determinative of this appeal. It is admitted that no action was begun against St. Paul by service of a summons and complaint. Nor was a special proceeding commenced by an order to show cause. The service that was made on St. Paul consisted only of a notice of motion and supporting affidavits which were served by mail, return receipt requested. This method is insufficient for jurisdictional purposes (CPLR 304, 308, 311, 403 [c]; *see, Matter of Hanson v Coughlin,* 103 AD2d 949). Furthermore, we find no merit to plaintiff's claim that St. Paul consented to personal jurisdiction of Supreme Court by claiming its lien. No action or proceeding to enforce the lien was started and St. Paul was not a party in Supreme Court to plaintiff's negligence action. Since plaintiff failed to obtain jurisdiction over St. Paul, a reversal of the order of Supreme Court and a dismissal of plaintiff's motion are required.

We note that plaintiff, a Vermont resident, invoked the provisions of the Vermont workers' compensation statute by accepting the benefits paid thereunder *(see, Roach v McGuire & Bennett,* 146 AD2d 89; *Matter of O'Connor,* 21 AD2d 333) and that St. Paul's action for a declaratory judgment regarding its lien was brought in that State.

Order reversed, on the law, without costs, and motion dismissed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.