In the Matter of WILLIAM E. MONTGOMERY III, as Warren County District Attorney, Respondent, v MICHAEL J. MULLER, as Town Justice of the Town of Queensbury, et al., Appellants, and KURT MAUSERT, Intervenor-Appellant.

Third Department, February 13, 1992

APPEARANCES OF COUNSEL

*Kurt Mausert* for Matthew Carpenter, appellant.

*William E. Montgomery III, District Attorney (John Wappett* of counsel), respondent *pro se.*

*Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P. C. (David B. Goldstein* of counsel), for intervenor-appellant.

*E. Joshua Rosenkranz* for New York State Defenders Association and others, *amici curiae.*

**OPINION OF THE COURT**

CREW III, J.

Petitioner, the District Attorney of Warren County, com-

menced this CPLR article 78 proceeding to prohibit respondent Town Justice of the Town of Queensbury (hereinafter respondent) from ordering petitioner and his assistants to remove an American flag lapel pin during the voir dire and jury trial in a criminal proceeding against respondent Matthew Carpenter. The salient facts giving rise to this controversy follow.

At a pretrial conference on March 6, 1991, Kurt Mausert, the attorney assigned to represent Carpenter, requested that respondent prohibit petitioner from wearing an American flag lapel pin during the trial. That request was made at the height of the Persian Gulf conflict. Respondent granted Mausert's request, noting that it was a "special time in [American] history" and that he did not wish to let anything interfere with a fair trial for Carpenter. Respondent also noted that he did not wish to prolong the voir dire by endless questions concerning the lapel pin, which was a collateral issue to the criminal trial. Respondent's ruling was limited to Carpenter's case. As a result, petitioner commenced this proceeding and, after a hearing, Supreme Court granted the application. In addition, the court directed that Carpenter's case be transferred to another Town Justice, that Mausert's name be removed from the Warren County assigned counsel list, that Mausert not be given further assignments and that other counsel be assigned to represent Carpenter. Finally, the court directed that the Warren County assigned counsel administrator submit Mausert's voucher in Carpenter's case to Supreme Court for review and approval. This court granted permission to Mausert to intervene and he, along with respondent and Carpenter, have appealed.

■ Initially, we reject the contention of Carpenter and Mausert that this CPLR article 78 proceeding in the nature of prohibition does not lie. It is true that prohibition is an extraordinary remedy and in cases "where judicial authority is challenged, it is only available if a clear legal right exists and then only when the court acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Hynes v George,* 76 NY2d 500, 504). The Court of Appeals has held that such a situation exists where, as here, prohibition is sought "to determine whether the court had exceeded its undoubted powers to control the conduct of counsel in the courtroom" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569).

■ Turning to the merits, we must first determine whether

respondent exceeded his powers to control the conduct of petitioner by ordering him not to wear the lapel pin during the trial. It is axiomatic that Carpenter has a right to a fair trial which encompasses a panel of impartial and indifferent jurors *(see,* US Const 6th, 14th Amends; NY Const, art I, §§ 2, 6; *Sheppard v Maxwell,* 384 US 333; *People v Rodriguez,* 71 NY2d 214, 218). That right would be severely impaired if inappropriate suggestions, innuendo or impressions were or could be conveyed to a jury, and attorneys are subject to regulation by the courts as to their attire when those regulations relate to such concerns *(see, La Rocca v Lane,* 37 NY2d 575, *cert denied* 424 US 968). The American flag is a symbol of our Government. Its use ofttimes constitutes a form of symbolism conveying ideas such as patriotism and national pride *(see, Spence v Washington,* 418 US 405; *Board of Educ. v Barnette,* 319 US 624). It cannot be said, as was respondent's concern, that the wearing of the lapel pin might not cause one or more jurors, with a sense of national pride heightened by the Persian Gulf conflict, to view differently statements made by the wearer of such a pin than those made by others and thereby ascribe a greater measure of veracity and personal commitment to the correctness of the State's cause *(see, La Rocca v Lane, supra,* at 583). If one needs any verification of the passion such a symbol might invoke, it is to be found in the decision of Supreme Court wherein the court stated:

"I find it very difficult to understand that anyone who is a citizen of this country could object to another citizen of this country wearing an American Flag pin and especially today with the situation as it exists in the Middle East * * *

"No one will tell me not to wear the American flag including [respondent], and/or * * * Mausert."

Accordingly, we find that respondent was within his authority to direct that petitioner not wear the lapel pin while trying the case before a jury. We recognize, as petitioner contends, that in so doing respondent limited petitioner's constitutional right to free speech, but the need to ensure Carpenter a fair trial outweighed such consideration.

We turn next to Supreme Court's ruling, *sua sponte,* that Carpenter's case be transferred to another Town Justice, that Mausert be removed as defense counsel in that case, that Mausert be removed from the assigned counsel list and not be given further assignments, and that Mausert's voucher in connection with Carpenter's case be submitted to Supreme

Court for review and approval. We find that Supreme Court erred with regard to each of those rulings. In the first place, no such relief was sought in the petition and Supreme Court was, therefore, without authority to grant it *(see, De Pan v First Natl. Bank,* 98 AD2d 885, 886). Moreover, Supreme Court had no jurisdiction over Mausert who was not named as a party to the proceeding and was not served with process *(see,* CPLR 304, 308; *Surdam v Vance,* 160 AD2d 1142, 1144). In addition, had Mausert been named a party to the proceeding, Supreme Court would not have had jurisdiction to disqualify him since prohibition, which does not lie to review a court's action in disqualifying an attorney *(see, Matter of Kavanagh v Vogt,* 58 NY2d 678, 679), would clearly not lie to effect disqualification of an attorney. Likewise, Supreme Court did not have jurisdiction to interfere with the administration of the assigned counsel plan by ordering that Mausert be removed therefrom, since prohibition may be directed only to officials exercising judicial or quasi-judicial functions, which the administrator of the assigned counsel program was clearly not doing *(see, Matter of Steingut v Gold,* 42 NY2d 311, 315; *Matter of Dondi v Jones,* 40 NY2d 8, 13). Finally, with regard to the direction that Mausert's voucher be submitted to Supreme Court for review and approval, compensation for representation in assigned counsel cases is to be fixed by the court where the judgment of conviction, acquittal or order of dismissal is entered *(see,* County Law § 722-b). Neither Supreme Court nor this court has jurisdiction to review assigned counsel's compensation *(see, Matter of Kindlon v County of Rensselaer,* 158 AD2d 178).

WEISS, P. J., MIKOLL and YESAWICH JR., JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.