■ JOYBETH HARTLOFF, Respondent, v ROBERT L. HARTLOFF, JR., Defendant. HARTLOFF POLARIS et al., Nonparty Appellants. (Appeal No. 2.) [745 NYS2d 363] —Appeal from an order and judgment (one document) of Supreme Court, Cattaraugus County (Nenno, J.), entered July 12, 2000, which, inter alia, denied the motion of the nonparties seeking to vacate in part a prior judgment entered in the action.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted and the penultimate decretal paragraph of the judgment entered April 13, 2000 is vacated in part in accordance with the following memorandum: Hartloff Polaris, Robert L. Hartloff, Sr. and Darlene Hartloff (nonparties) appeal from an order and judgment entered in this divorce action commenced by plaintiff, Joybeth Hartloff, against defendant, Robert L. Hartloff, Jr. By its order and judgment, Supreme Court denied the motion of the nonparties seeking to vacate that part of a prior judgment entered in the action awarding plaintiff monetary damages of $42,000 against the nonparties. The court granted that part of the cross motion of plaintiff seeking to designate the nonparties' motion as one seeking leave to reargue. The court further granted that part of plaintiff's cross motion seeking counsel fees, costs, and sanctions against the nonparties (*see* 22 NYCRR 130-1.1), awarding plaintiff a money judgment of $2,500 on that basis.

The court erred in designating the nonparties' motion as one seeking leave to reargue. The nonparties appropriately moved pursuant to CPLR 5015 (a) (4), which authorizes a court to vacate a judgment "upon the ground of * * * lack of jurisdiction to render the judgment" (*see Weinstock v Citibank,* 289 AD2d 326; *Empire of Am. Realty Credit Corp. v Smith,* 227 AD2d 931, 932; *Laurenzano v Laurenzano,* 222 AD2d 560, 560-561). In support of the motion, the nonparties demonstrated without contradiction that they had not been named as defendants in the action, had not been served with process notifying them of any claim for money damages against them, and had not been afforded the opportunity to defend such claim.

A court has no power to grant relief against an individual or entity not named as a party and not properly summoned before the court (*see Matter of Salvaggio [McEwen National School Bus Serv.]*, 247 AD2d 875; *Matter of Montgomery v Muller*, 176 AD2d 29, 33, *lv denied* 80 NY2d 751; *Surdam v Vance*, 160 AD2d 1142, 1143-1144; *City of New York Dept. of Fin. v Reznick*, 113 AD2d 914, 915). "In a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment * * *. Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (*Macchia v Russo*, 67 NY2d 592, 595; *see Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 288; *Feinstein v Bergner*, 48 NY2d 234, 241). We therefore reverse the order and judgment and deny the cross motion of plaintiff, thereby vacating the $2,500 assessment of counsel fees, costs, and sanctions against the nonparties. We further grant the nonparties' motion and vacate that part of the penultimate decretal paragraph of the judgment entered April 13, 2000 granting plaintiff "a Money Judgment against * * * Hartloff Polaris; Robert Hartloff, Sr. and Darlene Hartloff, jointly and separately in the amount of $42,000." Present—Hayes, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.