■ Pierre Dallemand et al., Respondents, v Sun Company, Inc., et al., Appellants. [751 NYS2d 505] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), entered September 25, 2001, which, inter alia, denied those branches of their motion which were for leave to reargue the plaintiffs' prior motion, among other things, to enforce a purported settlement, and to vacate their default in opposing that motion, and is in favor of the plaintiffs and against them in the principal sum of $10,000.

Ordered that the appeal from so much of the order and judgment as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the law, that branch of the defendants' motion which was to vacate the default is granted, and, on the Court's own motion, the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs commenced this action by filing a summons and complaint on May 25, 2000. However, the plaintiffs never served the defendants with process. The statute of limitations expired on May 28, 2000 (*see* CPLR 214 [5]).

On September 27, 2000, the plaintiffs moved for, among other relief, enforcement of a purported $10,000 settlement. They maintained that the parties had agreed to settle the matter for $10,000, and that the defendants' insurance carrier withdrew its settlement offer after the expiration of the 120-day period to effectuate service of process.

The parties appeared before the Supreme Court for oral argument of the plaintiffs' motion. The defendants made an oral application to dismiss the action on the ground that the Supreme Court did not have jurisdiction over them and had no authority to consider the plaintiff's motion since the defendants were never served with process. The defendants also requested a one-week adjournment to put in opposition papers on the ground that they only had the motion papers for two days and needed time to address the motion on the merits. The Supreme Court denied the defendants' request for an adjournment, marked the motion submitted, and granted the plaintiffs' motion to the extent of directing entry of judgment in their favor for $10,000.

The defendants moved, inter alia, to vacate their default in opposing the plaintiff's motion. The defendants maintained that their insurance carrier received authority to settle the case for $5,500 based upon the representation by the plaintiffs' attorney that the matter would settle for such amount. However, the defendants' insurance carrier subsequently received a letter from the plaintiffs' counsel stating that the matter had been settled for $10,000. The defendants claimed that their insurance carrier never communicated such an offer to the plaintiffs' counsel.

Without stating any findings of fact or conclusions of law, the Supreme Court denied the defendants' motion, and entered judgment in favor of plaintiffs in the principal sum of $10,000.

The only service made upon the defendants was the mailing of the plaintiffs' notice of motion and supporting papers, which was insufficient to acquire jurisdiction over them (*see Surdam v Vance,* 160 AD2d 1142). Therefore, the Supreme Court erred in considering the merits of the plaintiffs' motion, and was without authority to enter judgment against the defendants. Accordingly, the complaint must be dismissed.

The plaintiffs' contentions are without merit. Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.