RIVERSIDE CAPITAL ADVISORS, INC., Plaintiff, and WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v FIRST SECURED CAPITAL CORP. et al., Appellants, et al., Defendants. THOMAS B. DONOVAN et al., Nonparty Appellants. [814 NYS2d 646]—

In an action, inter alia, to recover damages for breach of a loan agreement, (1) the defendants First Secured Capital Corp., Thomas B. Donovan Family Trust, and nonparties Thomas B. Donovan and Pamela Donovan separately appeal, as limited by their briefs, from so much of (a) an order of the Supreme Court, Nassau County (Warshawsky, J.), dated May 24, 2004, as denied the motion of the defendant First Secured Capital Corp. to quash an information subpoena served upon it pursuant to CPLR 5224, and granted those branches of the cross motion of

the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which were to compel First Secured Capital Corp. to answer the subpoena and for an award of an attorney's fee, (b) an order of the same court dated May 25, 2004, as denied the motion of the defendant Thomas B. Donovan Family Trust to quash an information subpoena served upon it pursuant to CPLR 5224, and granted those branches of the cross motion of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which were to compel Thomas B. Donovan Family Trust to answer the subpoena and for an award of an attorney's fee, (c) an order of the same court also dated May 25, 2004, as denied the motion of the defendant Thomas B. Donovan Family Trust to quash an information subpoena served upon nonparty Christopher Chalavoutis pursuant to CPLR 5224, and granted those branches of the cross motion of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which were to compel the nonparty Christopher Chalavoutis to answer the subpoena and for an award of an attorney's fee, and (d) an order of the same court dated June 10, 2004, as denied the motions of the defendant First Secured Capital Corp. to quash information subpoenas served upon nonparties Marina King and Petrina Macaluso pursuant to CPLR 5224, and granted those branches of the cross motion of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which were to compel those nonparties to answer the subpoenas and for an award of an attorney's fee, and (2) the nonparties Thomas B. Donovan, Pamela Donovan, First Secured Lien Corp., Secured Lien Corp., Secured Partners Corp., and Secured Property Corp. appeal from an order of the same court dated June 7, 2004, which denied their motion pursuant to CPLR 5015 (4) to vacate the fourth and fifth decretal paragraphs of an amended judgment of the same court dated February 3, 2004, on the basis that the Supreme Court did not have personal jurisdiction over them.

Ordered that the appeals by First Secured Capital Corp. from the orders dated May 25, 2004, are dismissed, as it is not aggrieved by those orders (see CPLR 5511); and it is further,

Ordered that the appeals by Thomas B. Donovan Family Trust from the orders dated May 24, 2004, and June 10, 2004, are dismissed, as it is not aggrieved by those orders (see CPLR 5511); and it is further,

Ordered that the appeals by nonparties Thomas B. Donovan and Pamela Donovan from the orders dated May 24, 2004, May 25, 2004, May 25, 2004, and June 10, 2004, are dismissed,

without costs or disbursements, as they are not aggrieved by those orders (*see* CPLR 5511); and it is further,

Ordered that the order dated May 24, 2004, is affirmed insofar as appealed from by First Secured Capital Corp., without costs or disbursements; and it is further,

Ordered that the order dated May 25, 2004, which, inter alia, denied the motion of Thomas B. Donovan Family Trust to quash the information subpoena served upon it, is affirmed insofar as appealed from by Thomas B. Donovan Family Trust, without costs or disbursements; and it is further,

Ordered that the second order dated May 25, 2004, is reversed insofar as appealed from by Thomas B. Donovan Family Trust, on the law, without costs or disbursements, the motion by Thomas B. Donovan Family Trust to quash an information subpoena served upon nonparty Christopher Chalavoutis is granted, and those branches of the cross motion of Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which were to compel that nonparty to answer the subpoena and for an award of an attorney's fee are denied; and it is further,

Ordered that the order dated June 7, 2004, is reversed, on the law, without costs or disbursements, and the motion to vacate the fourth and fifth decretal paragraphs of the amended judgment is granted; and it is further,

Ordered that the order dated June 10, 2004, is reversed insofar as appealed from by First Secured Capital Corp., on the law, without costs or disbursements, the motions of First Secured Capital Corp. to quash information subpoenas served upon nonparties Marina King and Petrina Macaluso are granted, and those branches of the cross motion of Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which were to compel those nonparties to answer the subpoenas and for an award of an attorney's fee are denied.

Under the disclosure standards applicable to subpoenas issued pursuant to CPLR 5224, the Supreme Court providently exercised its discretion in denying the judgment debtors' motion to quash the subpoenas served upon them. The judgment creditor, the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust (hereinafter Winchester), is entitled to discovery of "all matter[s] relevant to the satisfaction of the judgment" in this case (CPLR 5223).

However, under the circumstances of this case, the Supreme Court abused its discretion in failing to quash the information subpoenas served upon the nonparties Christopher Chalavoutis,

Marina King, and Petrina Macaluso. The lengthy requests contained within the subpoenas will cause unreasonable annoyance, disadvantage, and prejudice to those nonparties (*see Young v Torelli*, 135 AD2d 813, 815 [1987]). Rather than prune the subpoenas, we grant the motions to quash the nonparty subpoenas in their entirety (*see EIFS, Inc. v Morie Co.*, 298 AD2d 548 [2002]).

The Supreme Court also erred in denying the nonparties' motion to vacate the fourth and fifth decretal paragraphs of the amended judgment which enjoined the nonparty entities from transferring certain property. The nonparty entities demonstrated that they were not named as defendants in this action, had not been served with process notifying them of claims against them, and had not been afforded the opportunity to institute a defense. A court has no power to grant relief against an entity not named as a party and not properly summoned before the court (*see Hartloff v Hartloff*, 296 AD2d 849, 850 [2002]; *Matter of Salvaggio [McEwen—National School Bus Serv.]*, 247 AD2d 875 [1998]; *Matter of Montgomery v Muller*, 176 AD2d 29, 33 [1992]; *Surdam v Vance*, 160 AD2d 1142, 1143-1144 [1990]; *City of N.Y. Dept. of Fin. v Reznick*, 113 AD2d 914, 915 [1985]). Furthermore, there is insufficient evidence in the record to support the Supreme Court's conclusion that it could pierce the corporate veils of the nonparty entities (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]).

The Supreme Court providently exercised its discretion in awarding Winchester an attorney's fee in connection with the motions on which it prevailed. Pursuant to the loan agreement at issue, Winchester is entitled to an award of an attorney's fee incurred by it while enforcing its rights under the agreement. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.