■ In the Matter of JOHANNA C. VERNA EGGLESTON, Respondent; GINA-MARIE REITANO, Respondent. WENDY JOHNSTON, Nonparty Appellant. [824 NYS2d 142]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Johanna C., an alleged incapacitated person, the nonparty, Wendy Johnston, appeals, as limited by her brief, from so much of a resettled order and judgment (one paper) of the Supreme Court, Kings County (Barros, J.), entered August 9, 2004, as, upon a decision of the same court dated February 10, 2004, vacated conveyances transferring title to certain real property owned by Johanna C. and her sister Loretta I., to Wendy Johnston.

Ordered that the resettled order and judgment is modified, on the law, by deleting the provision thereof vacating the conveyances of the subject real property and substituting therefor a provision enjoining any further transfer of the subject real property pending the conclusion of the turnover proceeding authorized by the order and judgment; as so modified, the resettled order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Wendy Johnston, the nonparty appellant, contends that the Supreme Court denied her right to procedural due process by vacating, without first conducting a turnover proceeding pursuant to Mental Hygiene Law § 81.43, the deeds transferring title to the subject real property located at 32 72nd Street, Brooklyn, from Johanna C. and her sister, Loretta I., aged 95 and 92, respectively, at the time, to Wendy Johnston, their neighbor, who apparently provided no consideration for these transactions. These transfers and other transactions left Loretta's profoundly retarded daughter, Annette I., without provision in the event of the death of her mother and aunt.

The Supreme Court, having determined, after a hearing, that

Loretta and Johanna were incapacitated persons at the time of the transfers, vacated the conveyances transferring title to Wendy Johnston.

The failure of the petitioners to properly name the nonparty appellant and to properly notice the object of the proceedings as it pertains to the potential divestment of real and personal property acquired by the nonparty appellant from the alleged incapacitated persons is fatal to that relief (*see Matter of Rose BB.*, 243 AD2d 999 [1997]; *cf. Matter of Gershenoff*, 17 AD3d 243 [2005]; *Matter of Dot. E.W.*, 172 Misc 2d 684 [1997]). However, relief ancillary to the appointment of guardians for the alleged incapacitated persons including, inter alia, temporary injunctive relief and vacatur of powers of attorney were properly noticed and do not impinge upon the nonparty appellant's potential property rights, and the nonparty appellant did not have to be named as a party to effectuate such relief (*see* CPLR 1001 [b]; 1004; *cf. Riverside Capital Advisors, Inc. v First Secured Capital Corp.*, 28 AD3d 457 [2006]; *Mucchi v Haddad Corp.*, 101 AD2d 724 [1984]).

We note that the transactions in question were not made by persons who were adjudicated incompetent and for whom a guardian had been appointed but, rather, by persons who were unable to understand the nature and consequences of their actions, rendering the transactions voidable (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196 [1969]; *Finch v Goldstein*, 245 NY 300 [1927]). Granting the guardians authority to commence a turnover proceeding against the nonparty appellant rather than deeming the transactions void, and enjoining any further transfer of the subject real property pending the turnover proceeding was and is a more appropriate course of action. Therefore, we do not disturb that portion of the resettled order and judgment authorizing the guardian to commence a turnover proceeding. Schmidt, J.P., Skelos and Lifson, JJ., concur.

Rivera, J., dissents and votes to affirm the resettled order and judgment insofar as appealed from (*see Matter of Loretta I.*, 34 AD3d 480 [2006] [decided herewith]).