■ ELISE FLANGOS, Respondent, v PAUL FLANGOS, Appellant. PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Nonparty Appellant. [919 NYS2d 181]—

The appeals from the intermediate orders must be dismissed, because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the intermediate orders are brought up for review and have been considered on the appeals from the amended judgment and the order entered November 19, 2009.

The Supreme Court lacked jurisdiction to impose obligations in the amended judgment upon the nonparty appellant. "A court has no power to grant relief against an entity not named as a party and not properly summoned before the court" (Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 457, 460 [2006]). Accordingly, the Supreme Court should have granted that branch of the nonparty appellant's motion which was to vacate so much of the amended judgment as directs it to make certain payments. Similarly, the Supreme Court erred to the extent that it, sua sponte, in effect, amended a provision in the amended judgment directing the nonparty appellant to give notice of stated proposed changes in the payments. Contrary to the plaintiff's contention, the amended judgment itself is not a proper income execution order under CPLR 5241, nor is it a proper income deduction order under CPLR 5242.

The remaining contentions are improperly raised for the first time on appeal (see e.g. Global Connect Strategic Voice of Broadcasting, Corp. v Oxford Collection, Inc., 50 AD3d 737, 737 [2008]; Lake Anne Realty Corp. v Lake Anne at Monroe Assoc., LLC, 29 AD3d 866, 866 [2006]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.

---

Cross motion by the respondent on appeals from, inter alia, two orders of the Supreme Court, Westchester County, both entered August 16, 2006, to dismiss the appeals from those two orders on the ground that the right of direct appeal from those orders terminated upon the entry of an amended judgment dated September 25, 2007. By decision and order on motion of this Court dated May 17, 2010, that branch of the cross motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers submitted in support of the cross motion and the papers submitted in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the cross motion which was to dismiss the appeals from the two orders entered August 16,

2006, on the ground that the right of direct appeal from those orders terminated upon the entry of the amended judgment is denied in light of our determination of the appeals. Dillon, J.P., Covello, Florio and Hall, JJ., concur.