In an action for a divorce and ancillary relief, the nonparty Bernardino Esposito appeals from an amended order of the Supreme Court, Westchester County (Neary, J.), dated January 11, 2012, which denied his motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate so much of an order of the same court dated July 1, 2011, as directed the nonparty Andrew L. Crabtree, PC., to release and distribute certain escrow funds to the plaintiff and to the nonparty Andrew L. Crabtree, PC.
Ordered that the amended order dated January 11, 2012, is reversed, on the law, with one bill of costs, and the motion of *977 the nonparty Bernardino Esposito, in effect, pursuant to CPLR 5015 (a) (4) to vacate so much of the order dated July 1, 2011, as directed the nonparty Andrew L. Crabtree, PC., to release and distribute certain escrow funds is granted.
In this matrimonial action, which was commenced in 2003, the plaintiff moved, inter alia, for the release and distribution of funds held in escrow by the nonparty Andrew L. Crabtree, EC. (hereinafter Crabtree), in connection with the attempted sale of all the shares of Reniew Properties Corp. (hereinafter Reniew), a corporation partially owned by the defendant, to the nonparty appellant, Bernardino Esposito. In an order dated July 1, 2011, the Supreme Court, among other things, directed Crabtree to release the escrow funds and distribute the funds to the plaintiff and to Crabtree, as payment for Crabtree’s prior representation of the defendant and Reniew. The Supreme Court subsequently denied Esposito’s motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate that portion of the order dated July 1, 2011.
The Supreme Court erred in denying Esposito’s motion. “A court has no power to grant relief against an entity not named as a party and not properly summoned before the court” (Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 457, 460 [2006]; see Flangos v Flangos, 82 AD3d 1037 [2011]). Here, since Esposito, a nonparty to this action, was not properly summoned before the court prior to the plaintiff seeking relief against him, the court had no power to award such relief (see Flangos v Flangos, 82 AD3d 1037 [2011]; Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 457 [2006]). Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.