Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to vacate and set aside an order of respondent. The order granted a monetary judgment against petitioner.
 

 It is hereby ordered that said petition is unanimously dismissed without costs.
 

 Memorandum: Petitioner commenced this original proceeding in this Court pursuant to CPLR article 78 seeking to vacate and set aside an order of respondent that granted a monetary judgment against him. The order was entered against him in connection with a lawsuit brought against a corporation of which petitioner was the president and sole shareholder. Petitioner alleged that he was not named as a party in that lawsuit and was not summoned before Supreme Court, and thus respondent had no power to grant relief against him (see generally Oakley v Albany Med. Ctr., 39 AD3d 1016, 1017 [3d Dept 2007]; Hartloff v Hartloff, 296 AD2d 849, 849-850 [4th Dept 2002]).
 

 We conclude that petitioner is seeking relief in the nature of prohibition, but he has not demonstrated the requisite clear legal right to that relief (see Matter of Pirro v Angiolillo, 89 NY2d 351, 356 [1996]). Such relief is available when a court “acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Pirro, 89 NY2d at 355), and “[t]he extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous” (La Rocca v Lane, 37 NY2d 575, 579 [1975], cert denied 424 US 968 [1976]). Prohibition is “ordinarily unavailable if a ‘grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal’ ” (Matter of Echevarria v Marks, 14 NY3d 198, 221 [2010], cert denied 562 US 947 [2010]). The decision whether to grant prohibition is within the discretion of the court (see Matter of Soares v Herrick, 20 NY3d 139, 145 [2012]; Matter of Rush v Mordue, 68 NY2d 348, 354 [1986]).
 

 Petitioner contends that respondent lacked personal jurisdiction to issue the January order against him, not that respondent lacked subject matter jurisdiction or the power to issue the order (see Matter of Hirschfeld v Friedman, 307 AD2d 856, 858 [1st Dept 2003]), and thus prohibition does not lie. Furthermore, we decline to exercise our discretion to grant the requested relief because there exist other remedies by which petitioner may seek the same relief (see id. at 858-859; see generally Echevarria, 14 NY3d at 221). Namely, petitioner could appeal directly from the order, even as a nonparty (see Stewart v Stewart, 118 AD2d 455, 458-459 [1st Dept 1986]), or he could move to vacate the order and appeal from any subsequent order denying that relief (see CPLR 5015 [a] [4]; Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 457, 460 [2d Dept 2006]; Hartloff, 296 AD2d at 849-850).
 

 Present— Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.