Esposito v Weiner (2018 NY Slip Op 02770)





Esposito v Weiner


2018 NY Slip Op 02770


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-08785
 (Index No. 7224/14)

[*1]Bernardino Esposito, respondent, 
v
Elissa Weiner, etc., et al., defendants, Andrew L. Crabtree, etc., et al., appellants.


L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Joan Martino of counsel), for appellants.
Isolina Esposito, Bronx, NY (Mitchell L. Perry of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for the return of funds placed in escrow, the defendants Andrew L. Crabtree and Andrew L. Crabtree, P.C., appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 9, 2015. The order, insofar as appealed from, denied those branches of their motion which were pursuant to CPLR 3211(a) to dismiss the complaint and cross claims insofar as asserted against them, and for an award of an attorney's fee and expenses.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Bernardino Esposito, entered into a stock purchase agreement with the defendants Robert Weiner and Richard Weiner, shareholders of Reniew Properties Corp. (hereinafter Reniew), whereby Esposito was to purchase "all interest" in Reniew, including its stock and real property located in Mount Vernon. In connection with the stock purchase agreement, the parties entered into an escrow agreement whereby Esposito deposited $50,000 with the appointed escrow agent. That escrow agent was Andrew L. Crabtree, P.C. (hereinafter the P.C.), the professional corporation of the attorney, Andrew L. Crabtree (hereinafter together the Crabtree defendants), who represented the sellers in the transaction. Ultimately, the purchase did not take place.
In 2003, Elissa Weiner, also known as Elissa Davis (hereinafter Elissa Weiner), a defendant in the instant action, commenced an action for a divorce and ancillary relief (hereinafter the matrimonial action) against Richard Weiner. Elissa Weiner moved in the matrimonial action, inter alia, for the release and distribution of funds held in escrow (see Weiner v Weiner, 107 AD3d 976, 977). The Crabtree defendants submitted an affirmation in relation to that motion. In an order dated July 1, 2011, the Supreme Court, among other things, directed the P.C. to release the escrow funds and distribute the funds to Elissa Weiner and to the P.C., as payment for the P.C.'s prior representation of Richard Weiner and Reniew. Subsequently, in an amended order dated January 11, 2012, the court denied Esposito's motion, in effect, to vacate that portion of its prior order. This Court reversed the amended order, and granted Esposito's motion, in effect, to vacate so much of the prior order as directed the P.C. to release and distribute certain escrow funds (see id. at 977). This Court held that since Esposito, a nonparty in the matrimonial action, was not properly [*2]summoned before the Supreme Court prior to Elissa Weiner seeking relief against him, the court had no power to award such relief (see id.).
Esposito commenced this action asserting, inter alia, causes of action against the Crabtree defendants relating to their handling of the escrow funds. The Crabtree defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint and cross claims insofar as asserted against them, and for an award of an attorney's fee and expenses. In an order entered July 9, 2015, the Supreme Court, among other things, denied the Crabtree defendants' motion, and the Crabtree defendants appeal.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). "On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Applying these standards, the Supreme Court properly denied those branches of the Crabtree defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. The complaint, as supplemented by the evidentiary material submitted by the plaintiff in opposition to the motion, set forth cognizable causes of action to recover damages for breach of the escrow agreement, breach of fiduciary duty, conversion, unjust enrichment, and participation in a fraudulent scheme insofar as asserted against the Crabtree defendants (see Sasidharan v Piverger, 145 AD3d 814, 816; Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC, 92 AD3d 711, 713; Levin v Kitsis, 82 AD3d 1051, 1052-1053). The evidence submitted by the Crabtree defendants in support of their motion did not demonstrate that a material fact as claimed by Esposito was not a fact at all, and did not utterly refute Esposito's factual allegations, conclusively establishing a defense as a matter of law.
The Crabtree defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the Crabtree defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint and cross claims insofar as asserted against them, and for an award of an attorney's fee and expenses.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court