Hamilton Equity Group, LLC v Lumbrereas (2021 NY Slip Op 00742)





Hamilton Equity Group, LLC v Lumbrereas


2021 NY Slip Op 00742


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1049 CA 19-002243

[*1]HAMILTON EQUITY GROUP, LLC, AS ASSIGNEE OF HSBC BANK USA, NATIONAL ASSOCIATION, PLAINTIFF-RESPONDENT,
v
JAVIER FRANCISCO LUMBREREAS, ALSO KNOWN AS JAVIER FRANCISCO LUMBRERAS, ALSO KNOWN AS FRANCISCO J. LUMBRERAS, DEFENDANT-APPELLANT. 






FEINSTEIN & NAISHTUT, LLP, RYE BROOK (STEVEN D. FEINSTEIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MIRANDA L. SHARLETTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 3, 2019. The order, inter alia, granted plaintiff's motion for a default judgment and denied defendant's cross motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order that, inter alia, granted plaintiff's motion for a default judgment and denied defendant's cross motion pursuant to CPLR 3211 to dismiss the complaint based on lack of personal jurisdiction. We affirm.
CPLR 3211 (e) provides that a party may move to dismiss the complaint "[a]t any time before service of the responsive pleading is required" (see Siegel, NY Prac § 272 at 469 [5th ed 2011]). Here, because plaintiff effected service of the summons and complaint pursuant to CPLR 308 (4), defendant had "[30] days after service is complete" to serve a responsive pleading (CPLR 3012 [c]). We conclude that the cross motion is untimely as a matter of law because it was not served within that 30-day time frame, allowing Supreme Court to deny it on that ground alone (see Bennett v Hucke, 64 AD3d 529, 530 [2d Dept 2009]; Bowes v Healy, 40 AD3d 566, 566 [2d Dept 2007]; Hanover Ins. Co. v Finnerty, 225 AD2d 1054, 1055 [4th Dept 1996]). We note that an extension of time to make the cross motion was never sought by defendant nor granted by the court (see CPLR 2004).
To the extent defendant argues that he did not timely cross-move to dismiss the complaint because plaintiff did not properly effect service of process, we note that the proper way for him to raise that argument is by way of a motion to vacate the default judgment based upon lack of personal jurisdiction (see generally CPLR 5015 [a] [4]; Cach, LLC v Ryan, 158 AD3d 1193, 1193 [4th Dept 2018]; Matter of Pooler v Ark, 156 AD3d 1428, 1429 [4th Dept 2017]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court